In The United States District Court
For The Northern District of Illinois

Abdul Love
    plaintiff

v.s.

No: 14 CV 6743

Wexford Health Sources, et al
    defendants

Motion For Judgment On The Pleadings

Now comes plaintiff Abdul Love, pro se pursuant to Rule 12(c) of the Federal Rules of Civil Procedure moves this honorable court for judgment on the pleadings against defendant Michael Lemke.

In support thereof plaintiff states:

1. In August of 2014, plaintiff filed a complaint against defendants Michael Lemke, Dr. Obaisi and Wexford Health Sources alleging that they were deliberately indifferent to plaintiff medical condition (Crohns Disease) by

FILED EAA
MAY 15 2015
May 15 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

failing to provide plaintiff with his medication for over 2 months. (See complaint).

2. On October 8, 2014, Judge Lefkow issued an order directing plaintiff to complete three USM-285 forms to have the Marshal's serve each defendant a copy of the complaint. (See order attached hereto as exhibit E)

3. On October 10, 2014, plaintiff mailed the USM-285 forms to the U.S. Marshals to serve copies of the complaint on defendants. (Exhibit E)

4. Rule 4(m) of the Federal Rules of Civil Procedure allows 120 days for the defendant to be served with a copy of the complaint. Furthermore, Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure states, "Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: A defendant must serve an answer within 21 days after being served with the summons and complaint.

5. Assuming it took the U.S. Marshals the full

120 days to serve the defendants with a summons and copy of the complaint, defendant henke was required to respond to the pleadings on or about February 3, 2015.

6. Defendant henke has failed to provide any response to plaintiff's complaint as required by Rule 12 of the Federal Rules of Civil Procedure.

7. Moreover Rule 8(6) (Effect of Failing to Deny) of the Federal Rules of Civil Procedure states, "An allegation other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied.

9. Because Defendant henke has failed to deserve, rule 12 of the Federal Rules of Civil Procedure and file a response to plaintiff's complaint he has, according to Rule 8(6) of the Federal Rules of Civil Procedure, admitted all the allegation in plaintiff's complaint.

Wherefore, plaintiff prays this honorable court enter an order granting plaintiff the relief he seeks in his complaint, and

any such relief, this court deems just, proper and equitable.

Respectfully submitted.

*Abdul Lowe*
Abdul Lowe M10108
Stateville Correctional Center
P.O. Box 112
Joliet, Ill
60434

Dated: May 11, 2015.

# EXHIBIT
# E

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Abdul Love (M-10108), ) | |
| ) | |
| Plaintiff, ) | Case No: 14 C 6743 |
| ) | |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| Wexford Health Sources, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's motion and amended motion for leave to proceed *in forma pauperis* [3, 4] are granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $31.40 from his account as an initial payment of the filing fee and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk shall also issue summonses for service of the complaint on Defendants Wexford Health Sources, Dr. Obaisi, and former Stateville warden Michael Lemke. Anna McBee, Sherry Benton, and Salvador Godinez are dismissed. The Clerk shall send Plaintiff three blank USM 285 Marshal Service Forms. The Court advises Plaintiff that a completed service form is required for each named Defendant. The Marshal will not attempt service on the Defendant unless and until the required form is received. Plaintiff must therefore complete and return the form to the Prisoner Correspondent within thirty days of the date of this order.

## STATEMENT

Pro se Plaintiff Abdul Love, an Illinois prisoner at the Stateville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 about delays with receiving medication for his Crohn's disease. He names as Defendants Wexford Health Sources (the company contracted to provide healthcare services for Illinois inmates), former Stateville warden Michael Lemke, Stateville Grievance Officer Anna McBee, Stateville Medical Director Dr. Obaisi, Administrative Review Board Member Sherry Benton, Illinois Department of Corrections Director Salvador Godinez, and several unknown Stateville employees referred to as John and Jane Does. The Defendants are sued in their individual and official capacities.

According to Plaintiff, on February 14, 2013, he submitted a request to refill his medication for Crohn's disease. On February 21, 2013, he ran out of his medication. Plaintiff states he began experiencing blood in his stool and very bad cramps. He submitted an emergency grievance on March 14, 2013, which was denied by Warden Lemke on March 27, 2013. That grievance was reviewed by a prison counselor on April 3, 2013 (either Plaintiff refiled it as a regular grievance or the warden referred it to the counselor), who referred the grievance to the medical department that same day. On April 18, 2013, Plaintiff began receiving medication. He states that he unnecessarily suffered pain and discomfort for two months.

Also on April 18, 2013, Plaintiff filed another emergency grievance (whether the filing of the grievance prompted delivery of his medication or whether, after receiving his medication, he felt the need to begin another round of exhausting his claim is unclear). According to Plaintiff, the April 18, 2013, grievance, followed the same path as the prior one.

In October of 2013, Grievance Officer Anna McBee reviewed Plaintiff's two grievances and denied them upon determining that he was being seen by medical personnel during March of 2013 and had received his medication in February and April of 2013. Plaintiff apparently appealed both grievances, and in November of 2013, Administrative Review Board ("ARB") Member Sherry Benton denied them upon determining from her contact with Stateville's Health Care Unit that Plaintiff had asked for his medication earlier than he should have. Illinois Department of Corrections Director Salvador Godinez concurred in Benton's decision.

Currently before the Court are Plaintiff's complaint for initial review pursuant to 28 U.S.C. § 1915A and his motion for leave to proceed *in forma pauperis* ("IFP").

Plaintiff's IFP application indicates he cannot pre-pay the filing is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b), he is assessed an initial partial filing fee of $31.40. The trust fund officer at his place of confinement is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is shall collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the case number of this case and Plaintiff's name. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

The Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff's claim that he experienced an inordinately long delay between the time he ran out of his medication and the time he received a refill states a colorable claim. "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir.2011); *see also Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir.2002) (allegations that a prison nurse refused to give pain medication prescribed by a physician stated a claim).

Although a delay with providing Plaintiff his medication can support a § 1983 claim, of the Defendants named by Plaintiff, only former warden Lemke, Dr. Obaisi, Wexford, and the unknown Stateville personnel appear to be involved with and/or responsible for the delay. According to the complaint and its attachments, Grievance Officer McBee, ARB Member Benton, and IDOC Director Godinez all reviewed the failure to provide Plaintiff with his medication months after the denial. "[T]hose who review administrative decisions of others, like the prison grievance officer and the members of the Review Board . . . are not liable." *Hoban v. Godinez*, 502 Fed. Appx. 574, 578-79, 2012 WL 5395186 at *4 (7th Cir. 2012), citing *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation.")

Accordingly, the complaint may proceed against Warden Lemke, Dr. Obaisi, and Wexford, who were either directly involved with delaying Plaintiff's medication or who may be responsible for a custom that allowed the delay. To the extent the unidentified John and Jane Does were part

of the process of obtaining, or rather not obtaining Plaintiff's medication refill, Plaintiff may conduct discovery on these three Defendants to learn the identities of the Doe Defendants. McBee, Benton, and Godinez are dismissed as Defendants.

Summonses shall therefore issue for service of the complaint on Michael Lemke, Dr. Obaisi, and Wexford. The Clerk shall send Plaintiff three blank USM-285 (Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required form is received. Plaintiff must therefore complete and return the form within thirty days of the date of this order. The Marshal is directed to make all reasonable efforts to serve Defendants. The U.S. Marshal is authorized to send a request for waiver of service to a Defendant in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must also send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Date: October 8, 2014

*Joan H. Lefkow*
U.S. District Judge Joan H. Lefkow

```
USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.
```

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF Abdul Love | COURT CASE NUMBER 14 CV 6743 |
|---|---|
| DEFENDANT Wexford Health Sources, et. al | TYPE OF PROCESS |

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

**SERVE AT** { Michael Lemke
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)* 60551
4017 E 2603 Road, Sheridan, IL

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Abdul Love M10108
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

| | |
|---|---|
| Number of process to be served with this Form 285 | 1 |
| Number of parties to be served in this case | 3 |
| Check for service on U.S.A. | ✓ |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):* Alternative Address

Fold

Illinois Department of Corrections
1301 Concordia Court
Springfield, IL
62794-9277

Fold

Signature of Attorney other Originator requesting service on behalf of: ☑ PLAINTIFF ☐ DEFENDANT

TELEPHONE NUMBER (815) 727-3607

DATE 10/10/14

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address *(complete only if different than shown above)*

| Date | Time | ☐ am ☐ pm |
|---|---|---|

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|

REMARKS:

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/80

## Certificate of Service

I, Abdul hoee, hereby certify that on May 12, 2015, a true and accurate copy of plaintiff's Motion For Judgment on The Pleadings was mailed to the following.

Jeanne Brown
Assistant Attorney General
100 W. Randolph St. 12th Floor
Chicago, Il
60601

Abdul [signature]
Plaintiff